UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WINSTON EARL DELANO SPENCER                                              PLAINTIFF

v.                              No. 5:18-CV-05236

CINDY GOMEZ, et al.                                                     DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants' motion (Doc. 9) to dismiss for failure to state a claim and brief (Doc. 10) in support of the motion, Plaintiff's response (Doc. 17) and brief (Doc. 18) in support of his response, and Defendants' reply (Doc. 22). The motion will be GRANTED in part and DENIED in part.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Plaintiff filed the instant action pursuant to 8 U.S.C. § 1421(c) seeking review of his application for naturalization after it was denied by United States Citizenship and Immigration Services ("USCIS"). Defendants argue that Plaintiff cannot assert a claim for naturalization because he was not "lawfully admitted for permanent residence" in compliance with 8 U.S.C. § 1429.

Title 8 U.S.C. § 1421(c) provides that after an applicant's application for naturalization has been denied, he may seek judicial review of his application, and "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Based on the limited documents before the Court at this stage of litigation, the Court is unable to conduct a full de novo review of

1

Plaintiff's application for naturalization. The motion will be denied in this respect, and the Court will revisit the issue on a timely-filed motion for summary judgment.

Defendants also move for dismissal of Plaintiff's claim for violation of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because the procedures under 8 U.S.C. § 1421 provide an adequate remedy. Plaintiff does not address this argument in his response. The Administrative Procedures Act provides for judicial review only in the absence of an adequate remedy. 5 U.S.C. § 704. Because review under § 1421(c) is an adequate remedy, Plaintiff's APA claim will be dismissed.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 9) is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent that Plaintiff's claim for violation of the Administrative Procedures Act is dismissed with prejudice. The motion is otherwise denied, and this case remains pending.

IT IS SO ORDERED this 6th day of June, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE